

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Vinay S. Limbachia*  
*Assistant Untied States Attorney*

*970 Broad Street, 7th floor*  
*Newark, New Jersey 07102*

*Direct Dial: 973-353-6071*

July 30, 2025

<u>Via ECF</u>

The Honorable Esther Salas  
United States District Judge  
Martin Luther King Jr. Federal Building  
 & United States Courthouse  
Newark, New Jersey 07102

      Re:    **United States v. Jiayu Wang**  
                **Crim. No. 22-57 (ES)**

Dear Judge Salas:

      The Government submits this letter brief in opposition to the request of defendant Jiayu Wang ("Wang") for early termination of supervised release.

## Background

      On or about October 13, 2020, Wang was arrested pursuant to a one-count complaint charging him with a federal narcotics offense. ECF No. 1.

      On or about January 27, 2022, Wang pled guilty to a two-count Information. Count One charged him with conspiracy to distribute and possess with the intent to distribute 1,000 kilograms or more of marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code, Section 846. Count Two charged him with possession with intent to distribute 1,000 kilograms or more of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). ECF Nos. 103, 107, 108.

      On or about March 10, 2023, the Honorable Kevin McNulty, former United States District Judge, granted the Government's unopposed motion to strike the drug weight allegation both counts of the Information. ECF Nos. 113, 114. As a

result, Wang was not subject to a mandatory minimum term of imprisonment and he was required to serve a minimum term of 3 years of supervised release. *See* 21 U.S.C. § 841(a)(1), 841(b)(1)(C).

On or about April 6, 2023, Judge McNulty sentenced Wang to 8 months' imprisonment on Counts 1 and 2, to be served concurrently, and 3 years of supervised release on Counts 1 and 2, to run concurrently. ECF No. 116. On or about November 10, 2023, Wang began his period of supervised release. According to the U.S. Probation Office, Wang's period of supervise is scheduled to conclude on November 8, 2026.[1]

On or about July 15, 2025, Wang filed a motion for early termination of supervised release. ECF No. 122-1. In Wang's request, he argued that the early termination is appropriate because of his "continued progress, full rehabilitation, and demonstrated commitment to a lawful and productive life[.]" *Id.*

For the reasons set forth herein, the Government opposes Wang's motion for early termination of supervised release.

## Analysis

This Court should deny Wang's motion to terminate supervised release because Wang cannot show that early termination is justified.

Under 18 U.S.C. § 3583(e), this Court may terminate a term of supervised release prior to its expiration in certain circumstances:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

It is Wang's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After all, it "logically follows that the burden of

---

[1] In an email dated July 29, 2025, U.S. Probation Officer Perez advised the undersigned that the U.S. Probation Office for the Eastern District of New York did not oppose Wang's motion for early termination of supervised release.

ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989). In assessing whether Wang has met that burden, this Court must consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);
>
> (4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> (6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, this Court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53.

Repudiating contrary language in earlier non-precedential opinions, however, *Melvin* held that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* at 53. Although "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release," they are not "*necessary* for such termination." *Id.* Nonetheless, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper" as a discretionary matter "only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (quotation marks omitted). "That is because, if a sentence was 'sufficient, but not greater than

necessary' when first pronounced," as § 3553(a) requires, a reviewing court "would expect that something will have changed in the interim that would justify an early end to a term of supervised release."  *Id.* (quotation omitted).

Taking into consideration the Section 3553(a) factors and the interest of justice, early termination of supervised release is not warranted here.  As the Circuit recently explained in *Melvin*, early termination of supervised release is *generally* proper only where new or unforeseen circumstances warrant it, "because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*  Here, Wang has not identified any changed circumstances warranting departure from the Court's initial determination that the three-year term was a "sufficient, but not greater than necessary" period of supervised release for the crimes of conviction.  While the Government does not dispute Wang's laudable conduct on supervised release, *see* ECF No. 122-1, ¶ 6, it does not constitute changed circumstances from the time of the Court's initial sentence.

Moreover, although the Government does not believe that the mandatory nature of Wang's term of supervised release precludes relief as a matter of law, *see Damon*, 933 F.3d at 275 n.3, it certainly counsels against such relief at this point.  After all, Congress mandated a graduated scale of mandatory terms of supervised release based on the severity of drug trafficking conduct and the recidivism risks of the offender.  Here, Wang pled guilty to an offense that required at least *three* years of supervised release, *see* 21 U.S.C. §841(b)(1)(C).  Simply put, at this point, Wang has not shown that cutting his mandatory term short is "warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

## <u>Conclusion</u>

For the reasons set forth above, the United States submits that early termination of Wang's term of supervised release is not "warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

Respectfully submitted,

ALINA HABBA
Acting United States Attorney

*/s/ Vinay S. Limbachia*
By: Vinay S. Limbachia
Assistant U.S. Attorney

cc:   John L. Weichsel, Esq. (via ECF)