# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

October 22, 2025

## LETTER MEMORANDUM & ORDER

Re:     ***United States v. Jiayu Wang*,**
        **Criminal Action No. 22-0057 (ES)**

Dear Counsel:

Before the Court is Defendant Jiayu Wang's motion for early termination of supervised release. (D.E. No. 122 ("Motion"); D.E. No. 122-1, Certification of John L. Weichsel ("Weichsel Cert.")). On July 30, 2025, the Government filed an opposition to Mr. Wang's Motion. (D.E. No. 125 ("Opp. Br.")). On August 21, 2025, Mr. Wang filed a reply. (D.E. No. 127 ("Reply Br.")). The Probation Office overseeing Mr. Wang's supervision informed the Court by letter dated October 22, 2025, that it does not oppose Mr. Wang's Motion. After careful review of the parties' submissions, Mr. Wang's motion for early termination of supervised release is **DENIED**.

## I.     BACKGROUND

On January 27, 2022, Mr. Wang appeared before the Honorable Kevin McNulty, U.S.D.J. (ret.), and pled guilty to a two-count information charging him with: (i) knowingly and intentionally conspiring and agreeing to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture containing marihuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and in violation of 21 U.S.C. § 846; and (ii) knowingly and intentionally possessing with the intent to distribute 1,000 kilograms or more of a mixture containing marihuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (D.E. No. 106 & D.E. No. 108 at 1). On April 6, 2023, Judge McNulty sentenced Mr. Wang to a term of 8 months' imprisonment followed by a 3-year term of supervised release. (D.E. Nos. 115 & 116). According to Mr. Wang, his 3-year term of supervised release began on November 10, 2023, and is set to end in November 2026. (Weichsel Cert. ¶ 1). Mr. Wang's Motion is fully briefed. (*See generally* Weichsel Cert.; Opp. Br.; Reply Br.).

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a district court may grant early termination of supervised release after consideration of the § 3553 factors[1] if the defendant has served one year of supervised

---

[1]     The factors the Court considers under 18 U.S.C. § 3553(a) are: (i) the nature and circumstances of the offense and the defendant's history and characteristics; (ii) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide defendant with needed educational or vocational training,

release and if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). A district court has discretion to modify a term of supervised release. *United States v. Danzey*, 356 F. App'x 569, 570 (3d Cir. 2009). While extraordinary circumstances are not "necessary" to obtain early termination of supervised release, the absence of such circumstances "generally" suggests early termination is not appropriate: "[t]hat is because, if a sentence was sufficient, but not greater than necessary when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53 (citation modified).

## III.    DISCUSSION

Mr. Wang moves for early termination of supervised release because he "is in full compliance with all conditions [of supervision] and has demonstrated the ability to lead a productive, law-abiding life." (Weichsel Cert. ¶ 2). According to Mr. Wang, he has served over half of his 3-year term of supervised release and 95% of that time has been under low intensity supervision. (*Id.* ¶¶ 1 & 5). Since his release from incarceration, Mr. Wang has resided with his parents and his two teenage daughters. (*Id.* ¶ 2). In support of his request, Mr. Wang states that he heeded encouragement from the probation officer who wrote his Presentencing Report by obtaining a meaningful career as a home health aide; he also completed vocational training in furtherance of the same. (*Id.* ¶¶ 3–4). Counsel believes that Mr. Wang's work and abidance with all conditions of his release are reflective of rehabilitation and a reduction in recidivism such that he is now "fully integrated into society" as "a valued worker, family member, and citizen." (*Id.* ¶¶ 5–6). Overall, Mr. Wang argues that he has achieved stable reintegration in terms of his "housing, family, and employment." (*Id.* ¶ 6). Finally, Mr. Wang maintains that "[t]he lessons he has learned from his past mistakes have shaped him into the person he is today – one who values accountability, growth, and purpose." (*Id*. ¶ 7).

The Government opposes the Motion, arguing that Mr. Wang cannot establish how early termination of his supervision is justified. (Opp. Br. at 2). Specifically, the Government argues that Mr. Wang "has not identified any changed circumstances warranting departure from the Court's initial determination that the three-year term was a sufficient, but not greater than necessary." (*Id.* at 4 (internal quotations omitted)). Although the Government acknowledges Mr.

---

medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences and sentencing ranges established for the defendant's crimes; (iv) pertinent policy statements issued by the United States Sentencing Commission; (v) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (vi) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(7).

Wang's "laudable conduct" while under supervision, it maintains that such behavior does not constitute changed circumstances from the time of sentencing.  (*Id.*).[2]

In his reply, Mr. Wang argues that the Government misconstrues the law, noting that "courts have held that 'exceptional' conduct is not required" and that a defendant's "conduct and the interests of justice" may support early termination of supervised release.  (Reply Br. at 1–2).  In further support of his Motion, Defendant argues that he has "exemplifie[d] the rehabilitative goals of supervised release" by: (i) fulfilling all of his financial obligations (i.e., restitution); (ii) completing his term of incarceration and remaining on low intensity supervision for nearly all of his supervision thus far; (iii) gaining professional employment as a home health aide; and (iv) reintegrating into society without violations of his conditions of release.  (*Id.* at 2).  Without further explanation, Mr. Wang asserts that "[t]o continue progress" as a home health aide "he needs to be off supervised release."  (*Id.*).  He continues that in order to "further progress in his chosen career" he must "be off supervised release" such that this constitutes an "exceptional circumstance[]."  (*Id.* at 3).  Overall, Mr. Wang reiterates that these circumstances satisfy the interests of justice and that "[c]ontinued supervision serves no rehabilitative or public safety purpose."  (*Id.* at 2–3)

For the reasons set forth below, the Court agrees with the Government and finds that upon consideration of the statutory factors under Section 3583(e), Mr. Wang has not met his burden to establish that early termination of supervised release is in the interests of justice.  The Court applauds Mr. Wang's compliance with the terms of his supervision as well as his gainful employment and efforts of rehabilitation.  These circumstances alone, however, do not warrant early termination of his supervised release.  Furthermore, although Mr. Wang asserts that his supervised release must end so that he may continue to progress in his chosen career as a home health aide (*see* Reply Br. at 2–3), he has not explained why early termination of supervised release is required for his ongoing professional success or how his current supervision hinders his career advancement.  (*See generally* Mov. Br. & Reply Br.).  For these reasons, Mr. Wang has not identified any new or unforeseen circumstances that justify early termination of supervised release. *See Melvin*, 978 F.3d at 53; *see also United States v. Thena*, No. 12-0133, 2025 WL 2165937, at *2 (E.D. Pa. July 30, 2025) (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (denying motion for early termination of supervised release where defendant did "not demonstrate[] that the conditions of supervised release interfere[d] with his life in a problematic way" and noting that "good behavior, without more is insufficient to justify early termination")); *United States v. Martinez*, No. 23-0201, 2024 WL 4242820, at *2 (E.D. Pa. Sept. 19, 2024) ("Mr. Martinez does not show that any new or exceptional circumstances have arisen beyond his compliance.").

---

[2]    In addition, the Government notes that Mr. Wang "pled guilty to an offense that required at least three years of supervised release" (Opp. Br. at 4 (citing 21 U.S.C. § 841(b)(1)(C))); however, it believes that the "mandatory nature" of Mr. Wang's supervised release does not preclude the relief he seeks as a matter of law.  (*Id.*).  As set forth below, because the Court denies Mr. Wang's Motion on the merits, it need not address the Government's final argument.

Additionally, while the Court commends Defendant's compliance with the conditions of his supervised release, "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *United States v. Welling*, No. 20-0167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021) (citing *United States v. Banks*, No. 04-1076, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015)). "Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Seibles*, No. 10-0235, 2019 WL 109332, at *4 (W.D. Pa. Jan. 4, 2019). As such, a defendant's compliance with his terms of supervision is expected and not enough to justify early termination. *See, e.g.*, *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); *Seibles*, 2019 WL 109332, at *3–4 (denying motion for early termination where the defendant argued that he was a low-risk offender and the resources of probation could be better used for high-risk offenders, because compliance with terms of supervised release was merely expected).

## IV. CONCLUSION

For the foregoing reasons, Mr. Wang's motion for early termination of supervised release (D.E. No. 122) is **DENIED**. In accordance with Federal Rule of Criminal Procedure 32.1(c)(2), the Court denies the Motion without a hearing. *See United States v. Floyd*, 491 F. App'x 331, 333 (3d Cir. 2012).

**SO ORDERED.**

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

4